UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18 CR 565 CDP-8 |
| ) | |
| ARMOND THEOPOLISE CALVIN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Defendant Armond Theopolise Calvin asks that I reconsider my Memorandum and Order entered May 31, 2024, denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). I will deny the motion to reconsider.

There is no explicit authority for a motion to reconsider in criminal cases. For such motions, courts apply the standard used in civil cases. In the Eighth Circuit, a motion for reconsideration serves the limited function of correcting manifest errors of law or fact, or for presenting newly discovered evidence. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013); *see also United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016). "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary

circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

Calvin presents no evidence or argument showing that my decision to deny his motion for compassionate release on the claims raised in his original motion was based on manifest errors of law or fact. Calvin raises a new argument, however, that his consecutive sentences resulted in a large sentencing disparity when compared to two co-defendants whose sentences for the same counts of the indictment were ordered to be served concurrently.[1] This new argument fails.[2]

One of the factors I considered at Calvin's sentencing was the need to avoid unwarranted sentencing disparities, and I set out the reasons why the consecutive sentence here was warranted in the circumstances of Calvin's criminal history and involvement in this case, including the fact that he killed a man. (*See* ECF 981, Sent. Tr. at pp. 15-16.) That fact and other considerations, including levels of cooperation, render his conduct dissimilar to his co-defendants. *See United States v. Knauls*, 416 F. App'x 583, 585 (8th Cir. 2011). Moreover, Calvin's sentence

---

[1] Calvin does not identify which two of his fifteen co-defendants received disparate sentences.

[2] Given that this new argument fails on its merits, I will not address whether Calvin was required to administratively exhaust the claim by filing a new motion with the Bureau of Prisons before raising it here. *Cf. United States v. Walls*, 455 F. Supp. 3d 461, 465 (E.D. Mich. 2020) ("[p]roper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden.") (internal quotation marks and citation omitted).

was imposed pursuant to a binding plea agreement whereby he agreed to plead guilty to drug conspiracy and firearm charges in exchange for, *inter alia*, two consecutive terms of 120 months' imprisonment, which was substantially less than the guideline range of 360 months to life.

When I consider all the sentencing factors under § 3553(a), including the need to avoid disparity in sentencing, I continue to conclude that the sentence that Calvin agreed to and is currently serving remains appropriate, reflects the seriousness of the crime, promotes respect for the law, and provides just punishment for the offense.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Armond Theopolise Calvin's Motion for Reconsideration for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [1085] is **DENIED**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2024.